**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EDELMIRA MARQUEZ** | § | |
| | § | |
| **v.** | § | **Cause No. EP-26-CV-47-LS** |
| | § | |
| **ELISEO RICOLCOL, *Warden*.** | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* litigant Edelmira Marquez, Federal Prisoner Number 95367-510, challenges her sentence pursuant to 28 U.S.C. § 2241.[1] Her motion is denied for the reasons discussed below.

## BACKGROUND

Marquez is a 61-year-old prisoner confined to the Federal Correctional Institution in Victorville, California.[2] Her projected release date is June 1, 2028.[3]

Marquez pleaded guilty pursuant to a plea agreement to a one-count information charging her with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. §§ 1349 and 1347.[4] With a total offense level of 25 and a criminal history category of I, her sentencing guidelines range was 57 to 71 months' imprisonment.[5] She was sentenced to 60 months' imprisonment followed by three years' supervised release.[6] She was also ordered to pay $1,739,628.59 in restitution and a $20,000.00 fine.

Marquez now claims that she is guilty of an offense covered by the Federal First Offender's

---

[1] Pet'r's Pet., ECF No. 1. "ECF No." refers to the Electronic Case Filing number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.
[2] *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 95367-510, last visited Sep. 2, 2026).
[3] *Id.*
[4] *United States v. Marquez*, 3:23-cr-02471-LS (W.D. Tex.), J. Crim. Case, ECF No. 50.
[5] *Id.*, Statement of Reasons, ECF No. 51.
[6] *Id.*, J. Crim. Case, ECF No. 50.

Act ("FFOA").[7] She argues that FFOA—which the Court failed to consider at her sentencing—somehow qualifies her for immediate release from prison. She ignores the fact that FFOA provides special probation and expungement procedures for certain drug possessors—not defendants with healthcare fraud convictions—and that FFOA is clearly not applicable to her.[8]

**STANDARD OF REVIEW**

A petition for writ of habeas corpus under 28 U.S.C. § 2241 "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration."[9] To prevail, a § 2241 petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States."[10] But a litigant sometimes confuses a § 2241 petition with a motion to vacate under 28 U.S.C. § 2255. Section 2255 "'provides the primary means of collateral attack on a federal sentence.'"[11] Relief under § 2255 is warranted for errors that occurred at trial or sentencing.[12]

Section 2255 provides "four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'"[13] Section 2255 is an extraordinary measure and cannot be used for errors that

[7] Pet'r's Pet., ECF No. 1.
[8] *See* 18 U.S.C. § 3607 ("Special probation and expungement procedures for drug possessors").
[9] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).
[10] 28 U.S.C. § 2241(c).
[11] *Pack*, 218 F.3d at 451.
[12] *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him.").
[13] *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (quoting 28 U.S.C. § 2255).

are not constitutional or jurisdictional if those errors could have been raised on direct appeal.[14] Indeed, "Section 2255 provides recourse only " 'for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.' "[15]

**ANALYSIS**

Marquez is representing herself; her pleading is accordingly construed liberally and is not held to the same stringent and rigorous standards as pleadings lawyers file.[16] She claims that she brings her petition pursuant to 28 U.S.C. § 2241.

A *pro se* "litigant's motion isn't always what it purports to be."[17] So a court may occasionally find it necessary to recharacterize a motion as something else.[18]

Since Marquez challenged the Court's failure to consider the FFOA at her sentencing, her pleading was recharacterized by the Court after an initial screening as a § 2255 motion.[19] But a court must be careful when exercising the power to recharacterize a *pro se* litigant's pleading in a post-conviction proceeding. This is because when a court recharacterizes a litigant's pleading as a first § 2255 motion, it must (1) notify her that it intends to recharacterize the pleading, (2) warn her that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and (3) provide her an opportunity to withdraw or amend her motion.[20] Otherwise, the "litigant [may] be harmed rather than assisted by the court's

---

[14] *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990).
[15] *United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992) (quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)).
[16] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[17] *Hopes v. Davis*, 761 F. App'x 307, 309 (5th Cir. 2019).
[18] *Castro v. United States*, 540 U.S. 375, 381–82 (2003).
[19] Notice of Deficiency and Order to Respond, ECF No. 15 at 2.
[20] *Castro v. United States*, 540 U.S. 375, 383 (2003).

intervention."[21]

The Court accordingly advised Marquez on January 26, 2026, that it would construe her petition under "18 U.S.C. § 2241 for Immediate Release" as a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255.[22] It informed Marquez, pursuant to the Supreme Court's holding in *Castro v. United States*, 540 U.S. 375 (2003), that "any subsequent § 2255 motion would be subject to restrictions on 'second or successive' motions."[23] It ordered Marquez, no later than 21 days from the date of its order, to either (1) advise the Court that she did not seek relief under § 2255 or (2) file an amended motion on the Court's § 2255 form which included all grounds for relief that she believed were available to her.[24] It warned Marquez that her failure to comply with the Court's order within the time specified could result in the dismissal of her pleading without further notice to her, pursuant to Federal Rule of Civil Procedure 41(b).[25]

Up to now, Marquez has failed to respond to the *Castro* warnings order.

## CONCLUSIONS AND ORDERS

The Court concludes that Marquez has failed to comply with a court order and has failed to prosecute her cause. It further concludes that her petition is therefore subject to *sua sponte* dismissal.[26] The Court accordingly enters the following orders:

---

[21] *Id.* at 386 (Scalia, J., concurring in part and concurring in the judgment).
[22] Notice of Deficiency and Order to Respond, ECF No. 15 at 2.
[23] *Id.* (citing *Castro*, 540 U.S. at 383; 28 U.S.C. § 2244(b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)).
[24] *Id.* at 3.
[25] *Id*. (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998)).
[26] *See Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) ("District courts have the … 'inherent power' ... to dismiss cases with prejudice for failure to prosecute."); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) ("Under [Federal Rule of Civil Procedure] Rule 41(b), a district court may dismiss an action *sua sponte* if the [petitioner] fails to comply with court orders."); *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) ("Because [Petitioner] failed to comply with orders issued by the district court, the without-prejudice dismissal of his habeas petition was not an abuse of discretion.").

**IT IS ORDERED** that Edelmira Marquez's *pro se* petition under "18 U.S.C. § 2241 for Immediate Release" (ECF No. 1), which the Court construes as a motion to vacate, set aside, or correct a sentence, is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and failure to prosecute.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that Edelmira Marquez's case is **CLOSED**.

**SIGNED** this 3rd day of September 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**